UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 22-20488-CR-MARTINEZ-BECERRA**

UNITED STATES OF AMERICA,

v.

MOHAMMAD AHMED KHAN *et al.*,

    Defendants.
_____/

**ORDER ON MOTION TO COMPEL**

    **THIS MATTER** is before this Court on Defendant Joseph Christopher Richard's Motion to Compel Discovery, ("Motion"). (ECF No. 116.) The Government filed a Response, (ECF Nos. 118), Defendant replied, (ECF No. 119), and the Government filed a Second Response, (ECF No. 132). Defendants Luu Nguyen Dieu Hong, Christopher Alan Baird, and Mohammad Ahmed Khan move to join Co-Defendant Ricard's Motion, ("Motions to Join"). (ECF Nos. 121, 122, 130.) This Court has reviewed the Motion, the briefing by the parties, and is otherwise fully advised in the premises.

    Mr. Ricard was charged by grand jury with: Conspiracy to Kidnap in violation of 18 U.S.C. §1201(c) (Count 1); Kidnapping in violation of 18 U.S.C. §1201(a)(1) (Counts 2–5); Stalking in violation of §2261A(1)(A) (Count 6); Possession of A Firearm in Furtherance of a Crime of Violence in violation of §924(c)(1)(A)(i) (Count 7). The indictment also contains forfeiture allegations.

    The Motion contains four requests: (1) records pertaining to an FBI Ohio investigation regarding allegations of fraud against Victim 4 ("Request 1"); (2) confirmation of whether Victim 4 has been charged by any nation with fraud ("Request 2"); (3) information pertaining to Victim

1

1's immigration status in the United States and any immigration benefits she may have received ("Request 3"); and (4) details of what steps the Government took to obtain surveillance it was unable to locate ("Request 4").

According to the Government's Second Response, the Government provided relevant information relating to Request 3 via letter to defense counsel on June 14, 2023. (2nd Resp. at 3.) As for Request 2, the Government confirmed that, apart from its ability to confirm that Victim 4 was not charged domestically, it is not in possession of responsive documents. (*Id.* at 2.) The Government also confirmed it is not in possession of any documents responsive to Request 4. (*Id.*)

Request 1 is **DENIED**. Defendant requests the Government be compelled to turn over the remainder of the Ohio case file ("OCF"), which consists of: (1) evidence gathered by the FBI as part of its investigation–which has yet to result in an indictment–including materials obtained pursuant to grand jury subpoenas; (2) law enforcement analysis of those records; and (3) statements from other witnesses interviewed by law enforcement.

Under Rule 16, requested items that are "material to preparing the defense" are subject to discovery. Fed. R. Crim. P. 16(a)(1)(E)(i). "[I]n the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). Specifically, the rule covers evidence that "refute[s] the Government's arguments that the defendant committed the crime charged." *Id.*

Here, Defendant Ricard intends to argue that no kidnapping occurred, and Defendants traveled to Victim 4's home for a voluntary meeting to demand the return of millions of dollars that she stole from Co-Defendants Hong and Nguyen through fraud. (Reply at 2–3.) Ricard maintains that all four Victims acted on their own accord and were not restrained or threatened in any way. (*Id.*) Ricard asserts that Victim 4, who is being investigated for fraud and whose

testimony props up the Government's case, is not being truthful about what occurred. Specifically, he claims her open criminal fraud investigation provides motive for her to skew her testimony and fabricate allegations against all Defendants to diminish their ability to serve as witnesses against her in any prosecution for fraud. (Mot. at 7.)

The Government concedes that the remainder of the OCF would be relevant to the impeachment of Victim 4, her husband (identified throughout court filings as "Witness 1"), and her roommate at the time of the kidnapping charged in the instant case." (2nd Resp. at 2.) The Government's only argument as to why this Court should deny Request 1 is that it will not call Victim 4 as a witness. (*Id.*)

Here, Defendants have already been provided with evidence of the OCF. Disclosure of the remaining documents poses a threat to the ongoing FBI investigation. *Cf. United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013). Moreover, the items identified in the remainder of the OCF would not be admissible at trial. This is not a fraud trial for Victim 4. On June 12, 2023, the Government produced materials related to the OCF which primarily consist of statements by Ms. Nguyen and references to other alleged victims of fraud by Victim 4. This Court finds that this is sufficient to mount a defense based on Victim 4's alleged fraud without any additional disclosure.

Request 2 is **DENIED**. Upon request, the Government must disclose relevant information within its possession, custody, or control. *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997). "[D]ocuments held by a foreign country are not within its 'possession, custody, or control.'" *United States v. Augustine*, No. 18 CR 393 (SJ)(RML), 2020 U.S. Dist. LEXIS 253045, at *36 n.17 (E.D.N.Y. Sep. 8, 2020) (citing Fed. R. Crim. P. 16(a)(1)(E)); *see also United States v. Lee*, 723 F.3d 134, 141 (2d Cir. 2013) (holding materials in the possession of the Jamaican government not within the U.S. government's possession, custody, or control); *United States v.*

3

*Cotroni*, 527 F.2d 708, 712 (2d Cir. 1975) (same, where defendant requested documents held by the Canadian government). Here, Request 2 seeks information regarding the status of possible fraud charges pending against Victim 4 in Vietnam. Defendants are not entitled to this information because the Government is not required to disclose documents held by a foreign country.

Request 4 is **DENIED**. There is nothing that prevented Defendants from obtaining the video surveillance at issue through their own diligence. *See United States v. Sapp*, No. 21-14394, 2023 U.S. App. LEXIS 4121, at *11 (11th Cir. Feb. 22, 2023) (noting "the government is not required to give a defendant information that he could obtain himself with reasonable diligence. . . .").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Motions to Join, (ECF Nos. 121, 122, 130), are **GRANTED**.

2. The Motion, (ECF No. 116), is **DENIED** as to Requests 1, 2, and 4; and **DENIED as moot** as to Request 3.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of July, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record